# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8029 | **DATE** | 12/30/2010 |
| **CASE TITLE** | Jaryan J. Gills (#2007-0068819) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3, 4] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct $21.00 as an initial partial payment and to continue making deductions in accordance with this order. Plaintiff's complaint, however, fails to state a valid claim and is dismissed without prejudice to Plaintiff submitting an amended complaint. Within 30 days of the date of this order, Plaintiff must submit an amended complaint that states a valid claim. The clerk shall send to Plaintiff an amended complaint form, along with a copy of this order. Failure to comply with this order within 30 days may be construed as Plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice.

■ [For further details see text below.]

/s/ Suzanne B. Conlon

Docketing to mail notices.

## STATEMENT

Plaintiff Jaryan J. Gills, Cook County Jail inmate #2007-0068819, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against Cook County Sheriff Tom Dart and numerous Cook County Jail officials. Plaintiff alleges that he found parts of a mouse in his food. He seeks to proceed *in forma pauperis*.

The court received Plaintiff's *in forma pauperis* application in parts. Combining the sections, the court is able to determine that Plaintiff cannot afford to prepay the filing fee and that, in accordance with 28 U.S.C. § 1915(b), Plaintiff's initial partial filing fee is $21.00. The trust fund officer at Plaintiff's place of incarceration is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed at this time, as it does not currently state a 42 U.S.C. § 1983 claim. Plaintiff alleges that, on October 19, 2010, he bit into the tail of a mouse that was in his breakfast. After spitting it out, Plaintiff noticed other mouse parts in his meal. Plaintiff was taken for a medical examination, but he did not receive a tetanus shot or a blood test. He contends that there has been a rodent problem at the jail for years.
(CONTINUED)

isk

## STATEMENT (continued)

It is unfortunate that Plaintiff had such an experience, but one incident of a rodent in food does not give rise to a § 1983 claim of a constitutional violation. *See George v. King*, 837 F.2d 705, 707 (7th Cir. 1988) (one incident of unintentional food poisoning does not violate the constitutional rights of affected inmates). Although a severe rodent infestation may be considered an unconstitutional condition of confinement, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir.1996), Plaintiff's speculation about such a problem at the jail with his one unfortunate food incident as proof does not appear sufficient to state a claim of an unconstitutional condition of confinement. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1952 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the allegations of a complaint must raise the possibility of relief above the mere speculative level). Additionally, Plaintiff names numerous jail officials, but the complaint is unclear as to how each Defendant was involved. *See* Fed. R. Civ. P. 8(a) (a complaint must provide sufficient notice to each defendant as to the claim being alleged against him or her and the grounds upon which the claim is based).

Accordingly, the complaint is dismissed without prejudice. If Plaintiff wants to continue to pursue this case, he must submit an amended complaint (plus a judge's copy and a service copy for each defendant) that states a valid claim. Plaintiff is advised that an amended complaint replaces and supersedes a previously filed complaint, and the court will look at only the amended complaint when determining Plaintiff's claims and the Defendants to this case. If Plaintiff does not submit an amended complaint, such inaction may be construed as his desire not to proceed with this case and will result in summary dismissal of this case without prejudice.

Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must submit an amended complaint that states a valid claim. Failure to comply with this order may be construed as Plaintiff's desire not to proceed with this case and will result in summary dismissal of the case without prejudice.

*Suzanne B. Conlon*